IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH VALENTINE AWE,

    Plaintiff,

v.

WISCONSIN DEPARTMENT OF
CORRECTIONS, JUDGE C.R. DAY,
FIELD SUPERVISOR OF UNIT 816,
KRISTIN IHM, ASHLEY DICKMAN,
J. PACKARD, AND J. YOUNG,

    Defendants.

ORDER

Case No. 18-cv-372-wmc

---

    Plaintiff Kenneth Valentine Awe brings this proposed civil action under 42 U.S.C. § 1983, claiming that even though he had served all of his time in his criminal matter (Case No. 2005CFR126), the defendants held him illegally by improperly claiming that he violated the terms of extended supervision. Having been permitted to proceed *in forma pauperis*, however, Awe's complaint requires screening. 28 U.S.C. § 1915(e)(2). For the reasons explained below, the court concludes that it must dismiss this lawsuit without prejudice, as well as deny Awe's motion for emergency injunctive relief (dkt. #13).

ALLEGATIONS OF FACT[1]

    While located at the Grant County Jail in Lancaster, Wisconsin, when he filed his complaint, plaintiff Kenneth Awe avers that he is a citizen of Missouri. On March 3, 2006,

---

[1] As reflected below, the court also supplements the allegations in the amended complaint with dates and information about plaintiff's underlying criminal cases from the electronic docket available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov. The court draws all other allegations of fact from plaintiff's complaint and supplement, viewing the record in a light most

Awe pled no contest to charges of violating Wis. Stat. § 943.23(2) (taking and driving a vehicle without consent), and Wis. Stat. § 943.23(3) (driving or operating vehicle without consent). *State v. Awe*, Case No. 2005CF126. On April 24, 2006, he was sentenced to a total of two years of confinement followed by five years of extended supervision. This sentence was to be served concurrent to a separate Minnesota sentence.

Awe alleges that he was released from prison in May of 2008, but then was arrested again in August of 2008 and held in custody for violating the terms of his extended supervision. Awe further alleges that he was then held in custody until recently, which resulted in his serving more than three times his lawful sentence.

On May 17, 2018, the same day that Awe filed his complaint in this court, he also filed a petition for a writ of habeas corpus in the Grant County Circuit Court, Case No. 2018CF163. In that petition, Awe sought release from prison, having served the remainder of his sentence. A hearing was held on July 2, and Awe was released from custody on July 10. On July 25, apparently because Awe had been released, Judge VanDeHey dismissed Awe's state court petition. Awe appears to still be serving a term of Wisconsin supervised release, since the offender locator lists him currently on active community supervision. *See* Offender Detail, https://appsdoc.wi.gov/lop/home.do (last visited July 12, 2018).

---

favorable to plaintiff. *See* Fed. R. Civ. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider them to determine whether plaintiff has stated a claim).

OPINION

In his pending complaint in this court, plaintiff seeks to be released from the terms of his community supervision. However, release from custody may only be granted pursuant to a writ of habeas corpus under 28 U.S.C. § 2254, and this court cannot convert this action into one for habeas corpus on its own motion. Instead, the Court of Appeals for the Seventh Circuit directs that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice," rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Accordingly, the court will dismiss Awe's claims without prejudice.

Awe may raise his claims seeking release from supervision in a petition for a writ of habeas corpus, but he should be aware that such a petition would have to be dismissed immediately *unless* he can show that he presented his challenge to his term of community supervision to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B). No public records suggest that he has pursued a state court proceeding to lift the terms of his supervised release.

ORDER

IT IS ORDERED that:

1. Plaintiff Kenneth Awe's Motion for Emergency Injunctive Relief (dkt. #13) is DENIED.

2. Plaintiff's claims in this case are DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 26th day of November, 2018.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge